IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COLETTE AOKI, Individually and as Personal Representative of the Estate of Grace S. Aoki; CHARLENE AOKI; and DOE PLAINTIFFS 1-5,<br><br>            Plaintiffs,<br><br>    vs.<br><br>MOBILEHELP, LLC; MOBILEHELP GROUP HOLDINGS, LLC; DOES 1-5; and DOE ENTITIES 1-5,<br><br>            Defendants. | Civ. No. 20-00464 HG-RT |

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DR. PATRICIA BLANCHETTE'S EXPERT REPORT (ECF No. 101)**

**and**

**GRANTING DEFENDANTS' ORAL MOTION TO STRIKE PLAINTIFFS' REPLY EXHIBITS 6 THROUGH 9**

On December 15, 2021, Plaintiffs filed a Motion to Strike Portions of Dr. Patricia Blanchette's Expert Report. Plaintiffs challenge the report of defense expert Dr. Patricia Blanchette for its reliance on a written opinion produced by Dr. Herbert Lim, a defense expert she consulted. Plaintiffs' Motion seeks to exclude any reference to the opinions or credentials of Dr. Lim contained in Dr. Blancette's expert report and prospective trial testimony.

Defendants argue that Dr. Blanchette properly relied on Dr. Lim as a consulting expert. Defendants state that they timely

1

disclosed Dr. Lim as an expert who may testify at trial.

Defendants separately move to strike Exhibits 6 through 9 attached to Plaintiffs' Reply.  Defendants argue that the Reply Exhibits are irrelevant to Plaintiffs' Motion and were submitted in violation of District of Hawaii Local Rule 7.2.

Plaintiffs' Motion to Strike (ECF No. 101) is **DENIED**.

Defendants' Motion to Strike the exhibits attached to Plaintiffs' Reply is **GRANTED**.  Plaintiffs' Exhibits 6 through 9 as attached to their Reply (ECF No. 126) are **STRICKEN.**

## PROCEDURAL HISTORY

On December 15, 2021, Plaintiffs filed PLAINTIFFS' MOTION TO STRIKE PORTIONS OF REPORT OF PATRICIA BLANCHETTE, M.D.  (ECF No. 101).

On January 4, 2022, Defendants filed an Opposition to Plaintiffs' Motion to Strike.  (ECF No. 107).

On January 13, 2022, Plaintiffs moved to file under seal certain exhibits to their Reply.  (ECF No. 117).

On January 14, 2022, Plaintiffs filed a Reply.  (ECF No. 121).

That same day, the Court granted Plaintiffs leave to file their supporting exhibits under seal.  (ECF No. 122).  Plaintiffs filed Exhibits 6 through 9 in support of their Reply.  (ECF No. 126).

On February 1, 2022, the Court held a hearing on Plaintiffs' Motion to Strike. (ECF No. 132). The Court heard arguments on Plaintiffs' Motion. Defense counsel made an oral motion to strike Exhibits 6 through 9 of Plaintiffs' Reply.

The Court denied Plaintiffs' Motion at the February 1, 2022 hearing and took Defendants' oral motion under submission. (Id.)

## BACKGROUND

This case arises out of the death of Grace Aoki, the Decedent, on November 25, 2019.

The Decedent was a user of Defendants' medical alert system, which included wearable devices that enable the user to call for emergency assistance. Plaintiffs' Complaint alleges that the Decedent's death or lost chance of survival resulted from Defendants' conduct or medical alert system. (Compl., ECF 1-1).

The Parties have disclosed expert witnesses in support of their respective cases.

Defendants disclosed two experts: (1) Dr. Patricia Blanchette, a geriatrician and internist, and (2) Dr. Herbert Lim, a gastroenterologist and hepatologist. Dr. Blanchette specializes in the evaluation of medical and mental health conditions of people of advanced age. Dr. Lim's practice pertains to the body's gastrointestinal systems, including the liver.

Defendants disclosed Dr. Blanchette and Dr. Lim as experts who may testify at trial, and their expert reports were provided to Plaintiffs.  (Defs.' Opp'n at Ex. D, ECF No. 107).

Dr. Lim's expert report is a "consulting letter" addressed to Dr. Blanchette.  (Pls.' Mot. at Ex. 2, ECF No. 101-2).  Dr. Lim's report offers the conclusion that the Decedent suffered from a particular kind of gastrointestinal bleeding on November 25, 2019, as a likely result of liver disease.  (Id.)

Dr. Blanchette's expert report states that she reviewed Dr. Lim's consulting letter in preparing her own report.  (Pls.' Mot. at Ex. 5, ECF No. 101-5).  Dr. Blanchette's report concurs with Dr. Lim's conclusion regarding the Decedent's probable gastrointestinal bleeding episode on November 25, 2019.  Dr. Blanchette states that resuscitation efforts would likely have been unsuccessful in the Decedent's case, given her advanced age and other health issues.  Dr. Blanchette references the Decedent's medical forms documenting her preferences regarding life-sustaining treatments ("POLST" forms); her advanced kidney disease; the possible mismanagement of the Decedent's medication; and how time of death was established.  (Id.)

## DISCUSSION

Plaintiffs' Motion raises four separate issues:

First, Plaintiffs argue that Defendants' disclosure of Dr.

Lim as an expert was untimely.

<u>Second</u>, Plaintiffs argue that Dr. Blanchette improperly relied on Dr. Lim's expert opinion.

<u>Third</u>, Plaintiffs argue that they will be prejudiced by Dr. Lim's opinion because he was educated in Hawaii and, therefore, any reference to him would be unduly favored by a jury.

<u>Fourth</u>, Plaintiffs question whether Dr. Lim may be called to testify at trial.

## I. Defendants' Expert Disclosures

Plaintiffs contend that Defendants' expert disclosures were untimely.

Federal Rule of Civil Procedure 26(a) sets out litigants' obligations regarding expert witness disclosures. Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

### A. Disclosure Deadline

Defendants were originally obligated to disclose the identity and written report of any expert witnesses by October 13, 2021, pursuant to the Rule 16 Scheduling Order. (ECF No. 19).

In early September 2021, one month prior to their expert disclosure deadline, Defendants learned that the spouse of Dr. Blanchette passed away. The passing of Dr. Blanchette's

5

spouse raised the possibility that she would be unable to continue working on the case and that Defendants would need to retain a new expert.

Defendants notified Plaintiffs of the development regarding their expert witness on September 14, 2021. (Defs.'s Opp'n at Ex. A, ECF No. 107-2). Defendants told Plaintiffs they intended to bring the issue to the Court's attention and seek an extension of their expert disclosure deadline. (Id.)

On September 17, 2021, the Magistrate Judge held a hearing during which Defendants' expert disclosure deadline was addressed. (ECF No. 63). The Magistrate Judge suggested that a sixty-day extension of the expert disclosure deadline may be appropriate given the passing of Dr. Blanchette's spouse. The Magistrate Judge directed the Parties to meet and confer on the issue.

During the September 17, 2021 hearing, Defendants stated that they were planning to use a "consulting expert . . . to work with Dr. Blanchette . . . or submit his own [expert report]." (Id.) Defendants asked if the proposed extension should apply to the consulting expert in addition to Dr. Blanchette. The Magistrate Judge replied "it would make sense that they sail together." (Id.)

The Parties agreed to an extension and filed a Stipulation and Order. The Stipulation and Order extended the deadline for

Defendants' medical expert disclosures to December 13, 2021. (ECF No. 76).  The agreed-upon extension was not limited to Dr. Blanchette, but included all of Defendants' medical experts.  The Stipulation states: "[T]he present October 13, 2021 deadline for defense expert disclosures . . . is hereby extended through and including December 13, 2021, for Defendants medical expert disclosures, and for Defendants' mental health expert disclosures."  (Id.)

On December 13, 2021, Defendants disclosed the identities and reports of their retained experts, including Dr. Blanchette **and** Dr. Lim.  (Defs.' Opp'n at Ex. D, ECF No. 107-5). Defendants' disclosure also expressly provides that both Dr. Blanchette and Dr. Lim may be called to testify at trial.  (Id.)

### B. Plaintiffs Complied with the Disclosure Deadline

Plaintiffs contend that Defendants never disclosed Dr. Lim as a testifying expert.  (Pls.' Mot. at pp. 3-4, ECF No. 101). Plaintiffs also accuse Defendants of seeking the extension of their expert disclosure deadline in bad faith to improperly accommodate Dr. Lim's report.  (Id. at pp. 3-6).  Plaintiffs' claims are unsupported by the record before the Court.

Defendants' deadline to disclose any medical experts was December 13, 2021.  The deadline was set by the Magistrate Judge's Order pursuant to the Parties' agreed-upon Stipulation. (ECF No. 76).  The express terms of the Parties' Stipulation and

Defendants' statements on the record before the Magistrate Judge demonstrate that Plaintiffs had ample notice that the extension would apply to all defense medical experts, including Dr. Lim. Plaintiffs do not dispute having received Defendants' medical expert disclosures on December 13, 2021, which identified Dr. Lim as a consulting medical expert who may be called to testify.

There is no indication that Defendants acted in bad faith. Such accusations from counsel should not be made lightly. Rodriguez v. Google LLC, 2022 WL 214552, at *4 (N.D. Cal. Jan. 25, 2022). Plaintiffs' casual accusations of misconduct have no place in federal court filings. Id.; see also Mohajerin v. Pinal Cnty., 2008 WL 73220, at *1 (D. Ariz. Jan. 3, 2008).

Defendants' expert disclosures were timely and the extension of time was not sought in bad faith.

**II.  Reliance on Consulting Expert**

Plaintiffs argue that Dr. Blanchette's reliance on Dr. Lim's opinion is inappropriate.

Federal Rule of Evidence 703 controls the grounds on which an expert may base her opinion. Rule 703 provides that an expert may rely on facts or data that may not be admissible so long as they are of the sort that "experts in the particular field would reasonably rely . . . in forming an opinion on the subject." Fed. R. Evid. 703. An expert may therefore rely on the reports and opinions of other experts when such reports and opinions are

8

of the type reasonably relied upon in their respective field. The Advisory Committee's Notes to Rule 703 acknowledge that "a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including . . . reports and opinions from nurses, technicians and other doctors."

In technical fields such as the field of medicine, it is common for one expert to rely on the opinion of another. In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig., 978 F. Supp. 2d 1053, 1066 (C.D. Cal. 2013). It is permissible for an expert to base her opinion in part "on what a different expert believes on the basis of expert knowledge not possessed by the first expert." Id. (citing Dura Auto. Sys. of Indiana, Inc. v. CTS Corp., 285 F.3d 609, 613 (7th Cir. 2002); see also United States v. 1,014.16 Acres of Land, More or Less, Situate in Vernon Cty., State of Mo., 558 F. Supp. 1238, 1242 (W.D. Mo. 1983), aff'd, 739 F.2d 1371 (8th Cir. 1984) ("An expert cannot be an expert in all fields, and it is reasonable to expect that experts will rely on the opinion of experts in other fields as background material for arriving at an opinion.").

Dr. Blanchette's reliance on Dr. Lim's report is entirely appropriate. Dr. Blanchette's report relating to the Decedent's advanced age is based on her expertise as a geriatrician and internist. In reaching her opinions, Dr. Blanchette considered

Dr. Lim's expert report as to one aspect of the Decedent's health. Medical experts routinely rely on and consider the opinions of other medical professionals in forming their own opinions. Walker v. Soo Line R. Co., 208 F.3d 581, 588 (7th Cir. 2000).

Plaintiffs point to two aspects of Dr. Blanchette's report that they argue are inappropriately drawn from Dr. Lim's report.

First, Plaintiffs argue that Dr. Blanchette's opinion regarding the Decedent's gastrointestinal condition is improperly taken from Dr. Lim. (Pls.' Reply at p. 3-4, ECF No. 121).

Dr. Blanchette concurs with Dr. Lim as to the Decedent's gastrointestinal condition. Dr. Blanchette independently reviewed much of the same underlying evidence as Dr. Lim to reach her concurring view. Dr. Blanchette's opinion regarding the Decedent's gastrointestinal condition does not form the core of her conclusions. The gastrointestinal aspect is but one piece in Dr. Blanchette's overall assessment of the various issues pertaining to the Decedent's advanced age. Such reliance is well within the bounds of Rule 703. TC Rich, LLC v. Shaikh, 2021 WL 4812314, at *3 (C.D. Cal. May 4, 2021).

Second, Plaintiffs argue that Dr. Blanchette's opinion regarding kidney disease is inappropriately drawn from Dr. Lim's opinion. (Pls.'s Reply at p. 4, ECF No. 121).

As a hepatologist, Dr. Lim specializes in liver function,

not kidney function. Dr. Lim's report does not provide any substantial discussion of kidney disease and, therefore, Dr. Blanchette cannot have inappropriately relied on Dr. Lim's report on this point.

Dr. Blanchette properly relied upon Dr. Lim's report.

### III. Testimony at Trial

Rule 703 does not permit expert witnesses to circumvent hearsay rules by solely testifying about the opinions of other experts. Mesfun v. Hagos, 2005 WL 5956612, at *18 (C.D. Cal. Feb. 16, 2005). An expert may not simply "parrot" the opinion of another expert. In re Toyota Motor Corp., 978 F. Supp. 2d at 1066.

Dr. Blanchette is permitted to testify as to the Decedent's gastrointestinal condition to the extent she can do so independent of Dr. Lim's expert conclusions. Dr. Blanchette would not be permitted to deliver Dr. Lim's conclusions directly from his report as her trial testimony.

Nothing prevents Defendants from calling Dr. Lim to testify at trial. Although Defendants originally referred to Dr. Lim as a consulting expert at the September 17, 2021 hearing before the Magistrate Judge, (Defs.' Opp'n at Ex. B, ECF No. 107-3), they ultimately disclosed Dr. Lim as an expert who may testify at trial, (Defs.' Opp'n at Ex. D, ECF No. 107-5). Defendants disclosed Dr. Lim's identity and report consistent with Federal

Rule of Civil Procedure 26 and the Parties' Stipulation.  An expert that is originally retained solely for consulting purposes may become a testifying expert provided there is compliance with Rule 26.  See, e.g., Oklahoma v. Tyson Foods, Inc., 2009 WL 1578937, at *4 (N.D. Okla. June 2, 2009); Am. Premier Underwriters v. Gen. Elec. Co., 2011 WL 13202870, at *5 n.4 (S.D. Ohio Jan. 10, 2011); W. Res., Inc. v. Union Pac. R.R. Co., 2002 WL 181494, at *1 (D. Kan. Jan. 31, 2002).

It is appropriate that Dr. Lim be permitted to testify as to his expert conclusions at trial.

**IV.  Prejudice and Bolstering Allegations**

Plaintiffs argue that any reference to Dr. Lim, his report, or his credentials would be prejudicial to Plaintiffs because Dr. Lim was educated in Hawaii. (Pls.' Mot. at p. 2, ECF No. 101).

Plaintiffs cite no law or authority to support their argument that reference to Dr. Lim's report or prospective testimony would be prejudicial simply as a result of his having been educated in Hawaii or because he is a "local."

Plaintiffs also assert that Dr. Blanchette's concurrence with Dr. Lim's conclusion may amount to improper bolstering. Plaintiffs argue that Dr. Blanchette's opinions would be improperly bolstered through invocation of Dr. Lim's "local" credentials.  The allegation that Dr. Blanchette, who was herself

educated in Hawaii, seeks to take advantage of Dr. Lim's credentials in her report is somewhat inexplicable. Plaintiffs' bolstering concerns are without foundation. See, e.g., Medisim Ltd. v. BestMed LLC, 861 F. Supp. 2d 158, 169 (S.D.N.Y. 2012).

The fact that Dr. Lim was educated in Hawaii is not a basis to preclude Defendants from using Dr. Lim as an expert.

### IV. Plaintiffs' Reply Exhibits

Federal District Courts have inherent power to control their docket, including the power to strike improper filings. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010); Tierney v. Abercrombie, Civ. No. 11-000246 LEK-RLP, 2012 WL 4502454, at *1 (D. Haw. Sept. 28, 2012). District Courts have discretion to exercise this power so as to achieve the "orderly and expeditious disposition of cases." Ready Transp., Inc., 627 F.3d at 404 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

District of Hawaii Local Rule 7.2 provides, in relevant part: "A reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded."

At the February 1, 2022 hearing on Plaintiffs' Motion, Defendants made an oral motion to strike Plaintiffs' Exhibits 6 through 9 as attached to Plaintiffs' Reply. Defendants argue that the Reply Exhibits are not responsive to issues raised in

Defendants' Opposition in violation of Local Rule 7.2 and are irrelevant to the Motion to Strike before the Court.

The Reply Exhibits feature excerpts of deposition testimony of Defendant MobileHelp, LLC's business executives. The testimony concerns Defendants' replacement of certain medical alert systems, the medical alert system's instructions for use, issues relating to the device's batteries, and objections made by defense counsel during the depositions.

Plaintiffs' Reply Exhibits have no bearing on the issues raised in Plaintiffs' Motion to Strike. The Reply Exhibits are not in response to any argument raised in Defendants' Opposition. The Reply Exhibits are partially duplicative of other exhibits Plaintiffs filed elsewhere in this case.[1] (See Pls.' Suppl. Decl., ECF No. 119).

Plaintiffs' Reply Exhibits 6 through 9 are **STRICKEN** from the record.

## CONCLUSION

PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DR. PATRICIA BLANCHETTE'S EXPERT REPORT (ECF No. 101) is **DENIED**.

Defendants' expert disclosures were timely.

---

[1] The Court's ruling in this Order does not affect the exhibits Plaintiffs filed in their Supplemental Declaration in Support of their Opposition to Defendants' Motion for Summary Judgment. (See Pls.' Suppl. Decl., ECF No. 119).

Dr. Patricia Blanchette's reliance on the opinion of Dr. Herbert Lim is proper and consistent with the Federal Rules of Evidence.

Dr. Lim will be permitted to testify at trial.

Dr. Lim's education in Hawaii and status as a "local" is not a ground for excluding reference to his report, credentials, or testimony.

Defendants' oral Motion to Strike Exhibits 6 through 9 of Plaintiffs' Reply is **GRANTED.**

Exhibits 6 through 9 of Plaintiffs' Reply are **STRICKEN** as irrelevant.

DATED: March 31, 2022, Honolulu, Hawaii

IT IS SO ORDERED.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Colette Aoki, Individually and as Personal Representative of the Estate of Grace S. Aoki; Charlene Aoki; Doe Plaintiffs 1-5 v. Mobilehelp, LLC; Mobilehelp Group Holdings, LLC; Does 1-5; Doe Entities 1-5, Civ. No. 20-00464 HG-RT, **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DR. PATRICIA BLANCHETTE'S EXPERT REPORT (ECF No. 101) AND GRANTING DEFENDANTS' MOTION TO STRIKE EXHIBITS 6 THROUGH 9 TO PLAINTIFFS' REPLY.**